[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11402
Non-Argument Calendar

_____

D. C. Docket No. 08-00364-CR-KD-1-B

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIK BANJOKO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 23, 2009)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Erik Banjoko appeals his conviction for stowing away on a vessel that entered United States jurisdiction, in violation of 18 U.S.C. § 2199. On appeal, Banjoko argues § 2199: (1) should be interpreted as requiring a knowing and voluntary act, and (2) does not clearly manifest an intent to overcome the presumption against applying a statute extraterritorially. After review, we conclude the district court did not err in instructing the jury, and affirm.[1]

I.

Banjoko contends although 18 U.S.C. § 2199 does not specify the intent required, it should be interpreted as requiring a knowing and voluntary act. Banjoko analogizes from our interpretations of 8 U.S.C. § 1324 and § 1326, which require the Government to prove knowledge of entry or bringing an alien into the United States even though the statutory text does not explicitly require proof of this mental state.

Section 2199 of Title 18 provides:

Whoever, without the consent of the owner, charterer, master, or person in command of any vessel, or aircraft, with intent to obtain transportation, boards, enters or secretes himself aboard such vessel or

---

[1] We review the district court's jury instructions *de novo* "when determining whether [the instructions] misstate the law or mislead the jury to the prejudice of the objecting party." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002) (quotation omitted). "We give the district court wide discretion as to the style and wording employed in the instructions, ascertaining that the instructions accurately reflect the law." *Id.* "Whether a criminal statute reaches a defendant's conduct is reviewed *de novo*." *United States v. Lopez-Vanegas*, 493 F.3d 1305, 1311 (11th Cir. 2007).

aircraft and is thereon at the time of departure of said vessel or aircraft from a port, harbor, wharf, airport or other place within the jurisdiction of the United States; or

Whoever, with like intent, having boarded, entered or secreted himself aboard a vessel or aircraft at any place within or without the jurisdiction of the United States, remains aboard after the vessel or aircraft has left such place and is thereon at any place within the jurisdiction of the United States . . . .

18 U.S.C. § 2199.

Before trial, Banjoko submitted a proposed jury instruction for defining the crime, with the following elements: (1) boarding a vessel, (2) with the intent to obtain transportation without the consent of the owner or master of the ship, (3) remaining aboard after the ship left port, and (4) with the intent to be transported into United States jurisdiction. The district court did not instruct the jury that the Government was required to prove Banjoko had the intent to enter United States jurisdiction.

Banjoko's claim the district court's jury instruction was erroneous is without merit because the statutory language shows intent to be transported to the United States is not an element of the offense. Section 2199 explicitly requires proof of intent "to obtain transportation" from a vessel without consent. 18 U.S.C. § 2199. Although the government must prove the defendant is on the vessel "at any place within the jurisdiction of the United States," the statute does not require proof of

3

the defendant's knowledge or intent regarding United States jurisdiction. *Id*. The district court did not err by refusing to incorporate Banjoko's proposed jury instruction into the jury charge because it misstated the law by ignoring the plain reading of the statute. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

Banjoko's reliance on this Court's interpretations of § 1324 and § 1326 of Title 8 is also without merit. Banjoko argues this court has defined the elements of those statutes to include an alien knowingly entering or another person knowingly bringing an alien into the United States even though the statutory text does not impose these requirements. In his examples, proof of *mens rea* was required for the essential violation criminalized. *See* 8 U.S.C. § 1324 (prohibiting smuggling illegal aliens into the United States); *id.* § 1326 (prohibiting re-entry of deported illegal aliens). The essential violation criminalized by § 2199, however, is the act of stowing away, which does require proof of *mens rea*. 18 U.S.C. § 2199. The fact the vessel is within the jurisdiction of the United States is the reason the United States is involved, not the normative wrong punished by the crime. Therefore, the jurisdictional element of § 2199 is not analogous to the essential elements of § 1324 and § 1326.

II.

Banjoko argues the prohibition on stowaways contained in 18 U.S.C. § 2199 does not clearly manifest an intent to overcome the presumption against applying a statute extraterritorially, and the other provisions of § 2199 prohibit conduct that originates in or effects the United States. Even assuming § 2199 is intended to apply extraterritorially, Banjoko maintains due process requires compliance with one of the five essential principles of international law to criminalize his conduct.

Generally, a statute "is presumed to apply only domestically." *United States v. Lopez-Vanegas*, 493 F.3d 1305, 1311 (11th Cir. 2007).

> [S]tatutes may be given extraterritorial application if the nature of the law permits it *and* Congress intends it. Absent an express intention on the face of the statutes to do so, the exercise of that power may be inferred from the nature of the offenses and Congress' other legislative efforts to eliminate the type of crime involved.

*Id.* at 1311-12 (citation and quotation omitted, emphasis in original). "Congress, under the protective principle of international law, may assert extraterritorial jurisdiction over vessels in the high seas that are engaged in conduct that has a potentially adverse effect and is generally recognized as a crime by nations that have reasonably developed legal systems." *United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003) (quotation omitted). "[T]he protective principle does not require that there be proof of an actual or intended effect inside the United

5

States." *United States v. Marino-Garcia*, 679 F.2d 1373, 1381 n.14 (11th Cir. 1982).

Banjoko's argument Congress did not intend to apply the statute extraterritorially is without merit. The statute criminalizes stowing away "within or without the jurisdiction of the United States." 18 U.S.C. § 2199. Use of this language shows Congress's intent to apply the statute extraterritorially. *Lopez-Vanegas*, 493 F.3d at 1311. Additionally, the statute complies with international law by acting to protect the United States from stowaways. *Cf. Rendon*, 354 F.3d at 1325 (holding the United States may assert jurisdiction over vessels in international waters to prevent "potential adverse effects" in the United States). Moreover, United States jurisdiction does not rely on intent to affect the United States. *Marino-Garcia*, 679 F.2d at 1381 n.14. Therefore, the district court correctly interpreted § 2199 when instructing the jury.

**AFFIRMED.**